UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>      Plaintiff,<br><br>  v.<br><br>JOE A. LIZARRAGA, et al.,<br><br>      Defendants. | No. 2:17-cv-0346-KJM-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed an application for leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, a request for the appointment of counsel, a request for service of the complaint by the U.S. Marshal, and a request for the court to accept his complaint even if it exceeds required page-limits.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

**II.     Request for Appointment of Counsel**

Plaintiff requests that the court appoint counsel is denied. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

**III.    Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

**IV.     Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds it must be dismissed with leave to amend.[1] First, the complaint improperly joins unrelated claims and defendants in a single lawsuit. Plaintiff names ten individuals as defendants and challenges numerous unrelated incidents spanning a more than a two-year period. The complaint includes the following allegations: (1) sometime between April 2014 and April 2016, defendant Horowitz denied plaintiff a vest, a cane, and access to specialists, left staples in plaintiff's head for two years, and interfered with plaintiff's prescribed medication and treatment; (2) on July 4, 2014, days after plaintiff had been seriously assaulted by another inmate, defendant Horowitz was deliberately indifferent to plaintiff's serious medical needs, including seizures, aphasia, and a concussion; (3) defendant Santillan denied plaintiff due process at a January 2, 2016 rules violation hearing; (4) in December of 2015, defendant Hang failed to properly assist plaintiff at his appeal hearing and later retaliated against plaintiff for filing an administrative appeal by failing to intervene on March 25, 2016 when plaintiff was assaulted by another inmate; (5) between March 25 and March 29, 2016, defendants Banks and Thomas failed to protect plaintiff

---

[1] Accordingly, the court denies plaintiff's request for the court to accept his complaint even if it exceeds required page-limits (ECF No. 5) as moot and also denies plaintiff's request for service of the complaint by the U.S. Marshal (ECF No. 4).

3

from attack by another inmate; (6) on March 29, 2016 defendant Chamber forced plaintiff to share a yard with his attacker, who attacked plaintiff again that day and defendants Chamber and Thomas failed to protect plaintiff in retaliation for plaintiff's filing of a lawsuit against them; (7) defendant Chamber placed plaintiff in the security housing unit when plaintiff refused to consent to sharing the yard with his attacker; (8) defendant Lizarraga, Warden, failed to properly train and advise his officers about exchanging cellmates, causing plaintiff to be assaulted; (9) on August 12, 2016, defendant Lizarraga improperly denied plaintiff's administrative appeal as a duplicate; (10) on August 12, 2016, defendant Lizarraga instructed defendant Mesa to cancel two of plaintiff's administrative appeals; (11) defendant Bradley conducted a nude search of plaintiff and requested a urine sample to retaliate against plaintiff for reporting a drug-dealer and alcohol-maker and for filing a lawsuit; (12) defendant Hernandez denied plaintiff due process in an unidentified proceeding, which resulted in a punishment that caused plaintiff to become suicidal and to lose a lawsuit; and (13) defendant Lizarraga retaliated against plaintiff for filing a lawsuit and administrative appeals by denying plaintiff due process in an unidentified disciplinary hearing, placing him in segregation, and transferring him to another prison.

While not all of plaintiff's intended claims for relief are clear, it is obvious that the above allegations may not be properly joined together as claims in a single action, as they involve discrete events that do not arise out the same occurrence and involve a common question of law or fact.[2] *See* Fed. R. Civ. P. 20(a)(2). Because the complaint plainly alleges unrelated claims against different defendants, plaintiff must file an amended complaint correcting this defect.[3]

---

[2] "The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

[3] In doing so, plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George*, 507 F.3d at 607 (no scattershot complaints).

Second, the allegations in the complaint are simply too vague and conclusory to state a cognizable claim for relief and violate Rule 8.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id.*  In an amended complaint, plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  A long, rambling pleading, including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury or joining a series of unrelated claims against many defendants very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Rule 41 of the Federal Rules of Civil Procedure for violation of these instructions.

V. **Leave to Amend**

Plaintiff is hereby informed of the following legal standards, which may or may not apply to any claims for relief he may assert in an amended complaint:

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation.  *See Hansen v.*

*Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). Plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.*

To state a viable First Amendment retaliation claim, a prisoner must allege five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). If plaintiff intents to assert a retaliation claim, he must allege facts showing that defendants were aware of his prior engagement in protected conduct and that his protected conduct was "the 'substantial' or 'motivating' factor" behind their alleged misconduct. *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009). Generally speaking, a retaliation claim cannot rest on the logical fallacy of *post hoc, ergo propter hoc*, literally, "after this, therefore because of this." *See Huskey v. City of San Jose*, 204 F.3d 893, 899 (9th Cir. 2000).

There are no constitutional requirements regarding how a grievance system is operated. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply because he played a role in processing plaintiff's appeals or because the appeals process was otherwise rendered unfair. *See Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (an administrative "grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates. Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment." (internal quotations omitted)).

/////

Prisoners are entitled to certain due process protections when subject to disciplinary sanctions that impinge on an interest protected by the Due Process Clause. *Brown v. Or. Dep't of Corr.*, 751 F.3d 983, 987 (9th Cir. 2014). To prevail on a claim for violation of the right to procedural due process under the 14th Amendment, a plaintiff must show: "(1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections." *Kildare v. Saenz*, 325 F.3d 1078, 1085 (9th Cir. 2003).

In the context of a disciplinary proceeding where a liberty interest is at stake, due process requires that "some evidence" support the disciplinary decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Id.* at 454 (citing *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

A liberty interest triggering procedural protections under the Due Process Clause may arise from two sources: the Clause itself or state law. *Chappell v. Mandeville*, 706 F.3d 1052, 1062 (9th Cir. 2013). The Due Process Clause of its own force protects prisoners from conditions which depart from the sentence imposed on them in a way that is "'qualitatively different' from the punishment characteristically suffered by a person convicted of crime [and has] 'stigmatizing consequences.'" *Sandin v. Conner*, 515 U.S. 472, 478-79 n.4 (1995) (discussing and quoting *Vitek v. Jones*, 445 U.S. 480 (1980) and *Washington v. Harper*, 494 U.S. 210 (1990)). The Clause, by itself, confers no liberty interest in freedom from state action taken within the sentence imposed. *Id.* at 480.

A condition of confinement impinges on an inmate's *state-law-created* liberty interest (triggering the necessity for procedural protections) if it imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life (while not departing from the sentence in such a manner as to trigger protection under the Due Process Clause by its own force). *Sandin*, 515 U.S. at 484; *Brown*, 751 F.3d at 987. To determine whether a liberty interest is at stake, the court may consider: "(1) whether the challenged condition 'mirrored those

conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (citations omitted).

Under the Eighth Amendment, "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks, ellipsis, and citation omitted). However, "not . . . every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. A prison official may be held liable for an assault suffered by one inmate at the hands of another only where the assaulted inmate can show that the injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and that the prison official was deliberately indifferent to the risk of harm, *id.* at 837. Thus, the relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834 (internal quotation omitted). A defendant is deliberately indifferent if he knows that the plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847.

To succeed on an Eighth Amendment claim predicated on the denial of medical care, a plaintiff must establish that he had a serious medical need and that the defendant's response to that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. *Jett*, 439 F.3d at 1096. Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also

8

draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.* at 847. A physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*, 884 F.2d 1312, 1314 (9th Cir. 1989). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. *Id.*

It is important to differentiate common law negligence claims of malpractice from claims predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

Should plaintiff choose to file an amended complaint, the amended complaint shall clearly set forth the claims and allegations against each defendant. It must also allege a cognizable legal theory against a proper defendant and sufficient facts in support of that cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).

Additionally, any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court reminds plaintiff that although his allegations are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), he is required to comply with the Federal Rules of Civil Procedure and the Local

Rules of the Eastern District of California. *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (procedural requirements apply to all litigants, including prisoners lacking access to counsel); L.R. 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.").

## VI. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF Nos. 9, 10, 13) is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's request for appointment of counsel (ECF No. 2) is denied without prejudice.
4. Plaintiff's request for service of the complaint by the U.S. Marshal (ECF No. 4) is denied.
5. Plaintiff's request for the court to accept his complaint even if it exceeds required page-limits (ECF No. 5) is denied as moot.
6. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Amended Complaint." Failure to comply with this order may result in a recommendation that this action be dismissed for failure to state a claim and/or failure to prosecute. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: September 1, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE