UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA, | No. 2:17-cv-0346-KJM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JOE A. LIZARRAGA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed two motions seeking a temporary restraining order, along with supporting declarations and exhibits. ECF Nos. 41 & 42. For the reasons stated below, the motions must be denied.

Plaintiff filed his motions for the purpose of securing single cell housing. ECF No. 41 at 2. He states that on November 17, 2018, at Kern Valley State Prison, his cellmate assaulted him – punching and kicking him until he was unconscious. *Id.* at 6, 11. Plaintiff states there was "blood in [his] brain" and he spent two days in the hospital. *Id.* Plaintiff was given a new cellmate upon his return from the hospital. *Id.* Plaintiff now seeks an order directing that he be provided a single cell because he still feels unsafe, even with this new cellmate, with whom he has previously shared a cell. *Id.* at 13. Additionally, plaintiff says that his current cellmate plays his television loudly all day and night, has a pet mouse that runs around the cell, and makes

1

"wine" in the cell. *Id.* Allegedly, the cellmate has threatened to hurt or kill plaintiff if plaintiff complains. *Id.* Plaintiff has complained, however. When they previously shared a cell, plaintiff reported his misconduct and got a new cellmate. *Id.* at 7-8, 13-14.

A temporary restraining order may be issued upon a showing of "specific facts . . . that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A); *Haw. County Green Party v. Clinton*, 980 F. Supp. 1160, 1164 (D. Haw. 1997)("The standards for granting a temporary restraining order and a preliminary injunction are identical."); *cf. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (observing that an analysis of a preliminary injunction is "substantially identical" to an analysis of a temporary restraining order). The purpose of the order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters*, 415 U.S. 423, 439 (1974). An order requiring that plaintiff be single celled would change rather than preserve the status quo. Moreover, plaintiff no longer shares a cell with the inmate who assaulted him and he has previously reported the misconduct of his current cellmate, without incident. Because plaintiff has not alleged "specific facts" showing that he is threatened with immediate and irreparable injury, his motions for a temporary restraining order must be denied.

More fundamentally, plaintiff's requested relief appears to have no nexus to the claims being litigated in this action. Plaintiff is not entitled to a preliminary injunction absent a showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008)). This action proceeds on claims that arose at Mule Creek State Prison. ECF Nos. 18 & 21. Plaintiff's motions concern conduct that occurred at Kern Valley State Prison, and thus, fail to demonstrate either a likelihood of success on the merits or a serious question on the merits. Generally, such allegations must be pursued through the prison administrative process and then litigated in a separate action. *See McKinney v.*

2

*Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam) and *Rhodes v. Robinson*, 621 F.3d 1002, 1004-07 (9th Cir. 2010) (together holding that claims must be exhausted prior to the filing of the original or supplemental complaint); *Jones v. Felker*, No. CIV S-08-0096 KJM EFB P, 2011 U.S. Dist. LEXIS 13730, at *11-15, 2011 WL 533755 (E.D. Cal. Feb. 11, 2011).

Accordingly, it is RECOMMENDED that plaintiff's motions for a temporary restraining order (ECF Nos. 41 & 42) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 8, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE