UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>  v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:17-cv-0346-KJM-EFB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed a motion for a temporary restraining order, ECF No. 52, which defendants oppose, ECF No. 54. For the reasons stated below, it is recommended that the motion be denied.

Plaintiff seeks "a hearing for good cause"[1] due to the alleged retaliatory acts of "prison officials including the [Kern Valley State Prison] warden." ECF No. 52 at 1. The retaliatory acts he complains of are all alleged to have occurred at Kern Valley State Prison and include: (1) placement in administrative segregation; (2) failure to transport him to court for a settlement conference; (3) being placed with a cellmate who assaulted him; and (4) being made to suffer unspecified "medical and [mental] anxieties." *Id.* at 1-3. But this action proceeds based on claims that arose at Mule Creek State Prison (ECF Nos. 18 & 21), and none of the defendants in

---

[1] He also asks that the court order his transfer to a different prison due to the alleged retaliation. ECF No. 52 at 4.

1

this action appear to have had any involvement in or control over the retaliatory acts that plaintiff alleges in his current motion. The Ninth Circuit has held that:

> [T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally. Absent that relationship or nexus, the district court lacks authority to grant the relief requested.

*Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015).[2] That 'nexus' does not exist here. Consequently, if plaintiff seeks to litigate these unrelated claims of retaliation, he should file a separate action.

Accordingly, it is RECOMMENDED that plaintiff's motion for temporary restraining order (ECF No. 52) BE DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Although *Pacific Radiation Oncology* discussed the nexus rule in terms of a request for preliminary injunction, the court concludes that its holding is equally applicable to a request for a temporary restraining order. *See, e.g., Phillips v. Fremont Inv. & Loan*, 2009 U.S. Dist. LEXIS 122152, 2009 WL 4898259 at *1 (D. Ariz. Dec. 11, 2009) (citing *Brown Jordan Int'l, Inc. v. The Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2007)) ("The standard for issuing a [temporary restraining order] is the same as that for issuing a preliminary injunction.").