1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    ETUATE SEKONA,                                No.  2:17-cv-0346-KJM-EFB P

12                      Plaintiff,

13           v.                                     ORDER

14    JOE A. LIZARRAGA, et al.,

15                      Defendants.

16

17           Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  He has filed several motions which are now pending before the court.

19    Specifically, he has filed: (1) two motions for extension of time to complete discovery (ECF Nos.

20    38 & 46); (2) two motions to appoint counsel (ECF Nos. 35 & 40); and (3) a motion for Tongan

21    interpreter (ECF No. 44).  For the reasons stated hereafter, plaintiff's motions to appoint counsel

22    and his motion for an interpreter are denied.  With respect to his motions for extension of time,

23    his first is denied and his second is granted.

24                              Motions to Appoint Counsel

25           Plaintiff requests that the court appoint counsel to represent him in this case.  District

26    courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.

27    *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances,

28    the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C.

                                                 1

§ 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Notably, plaintiff has proven capable of litigating his claims to this point without appointed counsel. And the court has previously denied similar requests for counsel from plaintiff. *See* ECF No. 21 at 1-2. Circumstances in this case have not sufficiently changed to warrant reconsideration of that denial.

Motion for a Tongan Interpreter

Plaintiff requests that the court appoint a Tongan interpreter to assist him.[1] He states that Tongan is his primary language and that his English is limited. ECF No. 44. Additionally, plaintiff claims that he was assaulted in November 17, 2018 and still has "blood . . . in his brain" which is causing him confusion and dizziness. *Id.* The court is not unsympathetic to the difficulty plaintiff faces in litigating this case. Nevertheless, this motion is denied for two reasons. First, plaintiff has thus far demonstrated an ability to submit intelligible filings without the assistance of an interpreter. Second, the court is not aware of any authority which would authorize expenditure of public funds for the appointment of an interpreter in this civil action. *See*, *e.g. Loyola v. Potter,* 2009 U.S. Dist. LEXIS 36179, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."). Thus, this motion must be denied.

Motions for Extension of Time

The scheduling order permitted the parties to conduct discovery until February 1, 2019. ECF No. 29 at 4. In light of that overarching deadline, it also informed the parties that all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 were to be served no later than

---

[1] Defendants filed a response to the motion solely for the purpose of contradicting plaintiff's statement that opposing counsel was joining in his motion for an interpreter. ECF No. 45.

1    November 30, 2018. *Id.* Plaintiff has filed two motions for extension of the deadline for

2    discovery requests.

3    The first of these motions, filed December 3, 2018, alleges that plaintiff was hospitalized

4    from November 17, 2018 until November 20, 2018. ECF No. 38 at 1. It also stated that

5    plaintiff's access to the law library had been limited. *Id*. The motion did not specify a specific

6    date for a new deadline nor indicate the amount of time being sought by the request.

7    The second motion, filed January 7, 2019, asks the court to excuse his delay in serving

8    discovery requests on defendants. ECF No. 46 at 1. Attached to the motion is a letter from

9    defendants' counsel which states that due to the late service of plaintiff's requests and

10   interrogatories (served on December 2, 2018), defendants would not be offering responses. *Id.* at

11   7.

12   Plaintiff's first motion for extension of time is denied for failure to explicitly state what

13   new deadline plaintiff seeks. The second motion is granted. In so doing, the court recognizes

14   that: (1) plaintiff is a layman; (2) he claims that medical issues prevented compliance with the

15   court's November 30, 2018 deadline; and (3) the service date – December 2, 2018 – is indicative

16   of a good faith attempt to comply with the deadline. Thus, the court deems the requests served on

17   December 2, 2018 timely and direct defendants to respond within thirty days of the date of this

18   order.

19   The court recognizes that excusing plaintiff's delay in serving discovery requests may also

20   necessitate the allowance of an untimely motion to compel related to those requests. If he deems

21   it necessary, plaintiff should file such a motion no later than thirty days after service of

22   defendants' responses. The court will not otherwise modify the scheduling order at this time. If

23   either party determines that further modification is necessary in light of this late discovery, it may

24   request such modification by way of a properly supported motion and the court will evaluate

25   whether good cause exists to further modify the scheduling order.

26   Finally, the court cautions plaintiff that this one-time excusal of delay is not an invitation

27   to submit new discovery requests beyond those already served on defendants.

28   /////

3

## Conclusion

Based on the foregoing, it is ORDERED that:

    1. Plaintiff's motion for extension of time (ECF No. 38) is DENIED;

    2. Plaintiff's motions for appointment of counsel (ECF Nos. 35 & 40) are DENIED;

    3. Plaintiff's motion for appointment of a Tongan interpreter (ECF No. 44) is DENIED; and

    4. Plaintiff's motion for extension of time (ECF No. 46) is GRANTED. Within thirty days of the date of this order, defendants shall respond to the requests and interrogatories which plaintiff served on December 2, 2018. Any motion to compel must be filed no later than thirty days after defendants submit their responses.

DATED: March 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE