UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ETUATE SEKONA,<br><br>    Plaintiff,<br><br>v.<br><br>JOE LIZARRAGA, et al.,<br><br>    Defendants. | No. 2:17-cv-0346-KJM-EFB P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel this action brought pursuant to 42 U.S.C. § 1983. Defendants Hang, Thomas, Banks, and Hernandez, the remaining defendants in this action, have moved for summary judgment. ECF No. 62. Plaintiff opposes that motion and has also filed a motion to compel further discovery responses from defendants. ECF No. 67. As discussed below, the motion to compel is denied and it is recommended that the motion for summary judgment be granted in part and denied in part.

**I.    Plaintiff's Claims**

This case currently proceeds on plaintiff's first amended complaint.[1] ECF No. 18. Plaintiff alleges as follows: Defendant Correctional Officer Hang had been assigned to be plaintiff's employee assistant in an unspecified case, but did not help plaintiff or do "his part."

---

[1] On September 28, 2018, the court dismissed plaintiff's claims against defendants Lizarraga, Chambers, and Mesa, ECF No. 30, and the portions of the complaint dealing with the alleged conduct of the those parties need not be summarized here.

1

*Id.* at 7. In response, plaintiff filed an administrative grievance against Hang. *Id.* On March 25, 2016, plaintiff was attacked on the prison yard by fellow inmate Parson. *Id.* at 4. Hang witnessed the attack but did not stop it or help afterward. *Id.* He told other officers on the yard not to help plaintiff. *Id.* at 7. None of the officers helped plaintiff or reported the attack. *Id.* Plaintiff tried to speak about it twice to defendant Correctional Officer Thomas, but Thomas refused to talk to him. *Id.* at 4, 5. Plaintiff spoke about the attack to defendant Correctional Officer Banks, who refused to help him or to label Parson as plaintiff's enemy and separate the two inmates. *Id.* On March 29, 2016, Parson attacked plaintiff again. *Id.* Plaintiff defended himself, which resulted in disciplinary action against plaintiff. *Id.* At the hearing on the disciplinary action, defendant Hernandez refused to call plaintiff's requested witnesses. *Id.*

The court first addresses plaintiff's discovery motion.

## II. The Motion to Compel

Plaintiff argues broadly that defendants did not adequately respond to his discovery requests and seeks an order compelling further responses. ECF No. 67. But plaintiff has not identified any specific discovery response(s) nor has he articulated why he believes the response was not satisfactory. Instead, plaintiff has simply appended to the motion the entirety of defendants' responses to his requests for admission, requests for production of documents, and interrogatories. The court has reviewed those responses and cannot determine that any particular response was inadequate on its face. Plaintiff provides no help in this matter.

> The Court does not hold prisoners proceeding pro se to the same standards that it holds attorneys. However, at a minimum, as the moving party plaintiff bears the burden of informing the court of which discovery requests are the subject of his motion to compel and, for each disputed response, why defendant's objection is not justified.

*Waturbury v. Scribner*, No. 1:05-cv-0764 OWW DLB PC, 2008 U.S. Dist. LEXIS 53142, at *3 (E.D. Cal. May 7, 2008). Accordingly, the motion is denied.

## III. The Motion for Summary Judgment

### A. <u>Summary Judgment Standards</u>

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary

judgment avoids unnecessary trials in cases in which the parties do not dispute the facts relevant to the determination of the issues in the case, or in which there is insufficient evidence for a jury to determine those facts in favor of the nonmovant. *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-50 (1986); *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471-72 (9th Cir. 1994). At bottom, a summary judgment motion asks whether the evidence presents a sufficient disagreement to require submission to a jury.

The principal purpose of Rule 56 is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thus, the rule functions to "'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). Procedurally, under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323; *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). If the moving party meets its burden with a properly supported motion, the burden then shifts to the opposing party to present specific facts that show there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 248; *Auvil v. CBS "60 Minutes"*, 67 F.3d 816, 819 (9th Cir. 1995).

A clear focus on where the burden of proof lies as to the factual issue in question is crucial to summary judgment procedures. Depending on which party bears that burden, the party seeking summary judgment does not necessarily need to submit any evidence of its own. When the opposing party would have the burden of proof on a dispositive issue at trial, the moving party need not produce evidence which negates the opponent's claim. *See, e.g., Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 885 (1990). Rather, the moving party need only point to matters which demonstrate the absence of a genuine material factual issue. *See Celotex*, 477 U.S. at 323-24 ("[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings,

depositions, answers to interrogatories, and admissions on file.'"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See id*. at 322. In such a circumstance, summary judgment must be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id*. at 323.

To defeat summary judgment the opposing party must establish a genuine dispute as to a material issue of fact. This entails two requirements. First, the dispute must be over a fact(s) that is material, i.e., one that makes a difference in the outcome of the case. *Anderson*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."). Whether a factual dispute is material is determined by the substantive law applicable for the claim in question. *Id*. If the opposing party is unable to produce evidence sufficient to establish a required element of its claim that party fails in opposing summary judgment. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322.

Second, the dispute must be genuine. In determining whether a factual dispute is genuine the court must again focus on which party bears the burden of proof on the factual issue in question. Where the party opposing summary judgment would bear the burden of proof at trial on the factual issue in dispute, that party must produce evidence sufficient to support its factual claim. Conclusory allegations, unsupported by evidence are insufficient to defeat the motion. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Rather, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts that show there is a genuine issue for trial. *Anderson*, 477 U.S. at 249; *Devereaux*, 263 F.3d at 1076. More significantly, to demonstrate a genuine factual dispute, the evidence relied on by the opposing party must be such that a fair-minded jury "could return a verdict for [him] on the evidence presented." *Anderson*, 477 U.S. at 248, 252. Absent any such evidence there simply is no reason for trial.

4

The court does not determine witness credibility. It believes the opposing party's evidence and draws inferences most favorably for the opposing party. *See id*. at 249, 255; *Matsushita*, 475 U.S. at 587. Inferences, however, are not drawn out of "thin air," and the proponent must adduce evidence of a factual predicate from which to draw inferences. *Am. Int'l Group, Inc. v. Am. Int'l Bank*, 926 F.2d 829, 836 (9th Cir. 1991) (Kozinski, J., dissenting) (citing *Celotex*, 477 U.S. at 322). If reasonable minds could differ on material facts at issue, summary judgment is inappropriate. *See Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). On the other hand, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587 (citation omitted). In that case, the court must grant summary judgment.

Concurrent with the motion for summary judgment, defendants advised plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. ECF No. 62-1; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), cert. denied, 527 U.S. 1035 (1999); *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

**B. Analysis**

Defendants advance several arguments in favor of summary judgment. The court addresses those arguments in the order presented in the motion.[2]

/////

/////

---

[2] Defendants also argue that the court should disregard plaintiff's opposition because it fails to comply with Local Rule 260(b). ECF No. 68 at 2-3. Plaintiff is a pro se, indigent inmate whose first language is not English. He is also incarcerated. Furthermore, his opposition brief, which is handwritten, identifies the facts which he specifically disputes and does so in the context of his arguments, which is frankly more useful than a separate enumerated list that does not place the facts in the context of his arguments. Requiring plaintiff to reproduce defendants' itemized list of facts would add nothing of substance beyond what plaintiff has already submitted. Accordingly, in the interest of judicial economy this argument is rejected.

### 1. **<u>Deliberate Indifference</u>**

Defendants Hang, Thomas, and Banks argue that they were not deliberately indifferent to plaintiff's Eighth Amendment rights. Prison officials are obligated by the Eighth Amendment to take reasonable measures to protect prisoners from violence by other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). To succeed on a failure-to-protect claim against an official, an inmate must establish three elements. First, the inmate must show that he was incarcerated under conditions posing a substantial risk of serious harm. *Id.* Second, he must show that the official was deliberately indifferent to his safety. *Id.* "Deliberate indifference" occurs when an official knows of and disregards an excessive risk to an inmate's safety. *Id.* at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Third, the inmate must show that the defendants' actions were both an actual and proximate cause of his injuries. *Lemire v. Cal. Dep't of Corr. & Rehab.*, 726 F.3d 1062, 1074 (9th Cir. 2013). This means that the inmate's injury would not have occurred but for the official's conduct (actual causation) and no unforeseeable intervening cause occurred that would supersede the official's liability (proximate causation). *Conn v. City of Reno*, 591 F.3d 1081, 1098-1101 (9th Cir. 2010), *vacated by* 131 S. Ct. 1812 (2011), *reinstated in relevant part by* 658 F.3d 897 (9th Cir. 2011).

To determine whether an official had the state of mind necessary to show deliberate indifference, a plaintiff must show two things: (1) that the official was aware of the risk of harm (or that the risk was obvious) and (2) that the official lacked a reasonable justification for exposing the inmate to the risk. *Lemire*, 726 F.3d at 1078.

Defendant Hang argues that the undisputed facts show that he was unaware of any risk of harm to plaintiff before March 25, 2016, because plaintiff never told him of any safety concerns regarding Parson. ECF No. 62-2 at 10. It is true that plaintiff testified in his deposition that he did not have any conversations with Hang about Parson prior to March 25, 2016. ECF No. 62-4 at 20. But Hang's argument ignores plaintiff's assertion that Hang witnessed the March 25th attack, and in its wake did nothing to address it (and actually prevented others from doing so) and that this inaction allowed the March 29th incident to occur. Although Hang may dispute

6

plaintiff's assertion in that regard, the court does not resolve credibility as to conflicting percipient witnesses on summary judgment. Thus, Hang has not shown an entitlement to summary judgment as to plaintiff's Eighth Amendment claim.[3]

Defendant Thomas also argues that he was not aware of any risk of harm. He argues that plaintiff never told him of any safety concerns regarding Parson before the March 25, 2016 attack and, therefore, Thomas was unaware of any risk of harm to plaintiff before prior to that attack. ECF No. 62-2 at 10. But plaintiff does not argue that Thomas was deliberately indifferent to his safety by failing to protect him from the March 25th attack. The fact that plaintiff did not relay any concerns to Thomas prior to March 25th is simply not in issue. But plaintiff does contend that Thomas was aware of the risk of attack prior to the March 29 incident.

As to the March 29 attack, Thomas argues that he was not aware of any risk after the first attack because plaintiff never spoke to him between March 25th and March 29th about Parson. *Id.* at 7. But plaintiff clearly disputes that assertion. Plaintiff testified in his deposition that he went to Thomas on either March 27th or March 28th and "told him I wanted to talk to him about the problem that was happening between me and Parson." ECF No. 66 at 42-43. He also testified that he wrote several letters to Thomas between March 25th and 29th asking to be protected from Parson. *Id.* at 44-46; ECF No. 62-4 at 73 (document appearing to be a letter addressed to Thomas on March 28, 2016 regarding assault by Parson). Resolving the credibility of the two witnesses over this material factual dispute is not appropriate on a summary judgment motion. Thus, Thomas is not entitled to summary judgment on plaintiff's Eighth Amendment claim.

---

[3] Hang also argues – in the retaliation section of his opening brief and the deliberate indifference section of his reply – that he could not have proximately caused the March 29th assault because he was not at work on the 29th and because Banks, Hang's superior, determined just after the March 25th attack that Parson was not a threat to plaintiff. ECF Nos. 62-2 at 11-12 & 68 at 4-5. The argument must be rejected. Hang does not develop – and notably cites no authority for – his argument that his alleged failure to act after the attack on the 25th cannot be a cause of plaintiff's harm on the 29th simply because Banks's conduct also may have contributed to the attack on the 29th. *See Inst. of Cetacean Research v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 951 (9th Cir. 2014) ("An event may have multiple proximate causes."). In addition, the fact that Hang was not at work on March 29th does not negate the possibility that – as plaintiff alleges – the altercation that day would not have occurred had Hang responded differently to the altercation on March 25th.

Defendant Banks argues that the undisputed facts show that she was not aware that Parson posed an excessive risk to plaintiff's safety and that she responded reasonably to any risk that existed. ECF No. 62-2 at 10. She declares that plaintiff told her on March 25th that he and Parson had had only a verbal (not physical) altercation, and that she immediately followed institutional protocol by placing plaintiff and Parson in separate holding cells. ECF No. 62-6 at ¶¶ 3-4. She then interviewed each inmate separately. *Id.*, ¶ 5. She asserts that they both told her that the altercation was only verbal, that they had resolved the issue, that there would be no further altercations between them, and that they could safely program together. *Id.* She also states that she had plaintiff and Parson sign a CDC form 128-B documenting that they did not consider each other enemies. *Id.* Banks declares that she also reviewed each inmate's file to ensure that there was no documentation of prior altercations or other safety concerns between them. *Id.*, ¶ 6. Based on her interviews with Parson and plaintiff and her review of their files, she did not believe that Parson presented any risk to plaintiff's safety. *Id.*, ¶ 7.

Plaintiff, on the other hand, testified in his deposition that he asked Banks to label Parson as his enemy. ECF No. 63, Notice of Lodging of Pl.'s Dep. Transcript; Pl.'s Dep. at 43:6-7. He claims that instead, Banks kept plaintiff in the holding cage for three hours. *Id.* at 47:14-21. Plaintiff testified that it was "hard" for him in the holding cage, but Banks kept him there "until I changed my mind and changed my decision." *Id.* Plaintiff signed the CDC form 128-B only to get released from the holding cage. *Id.* Plaintiff claims that, in this way, Banks saved herself from having "to file a lot of paperwork for the problem." *Id.* Plaintiff contests Banks's assertion that he told her the altercation was only verbal and not physical. ECF No. 66 at 11.

While Banks no doubt challenges the veracity of plaintiff's claims, the parties' accounts of the events in the program office following the March 25th incident are at odds. Either Banks diligently responded to the issue between the inmates, or she pressured plaintiff to sign off on Parson as a non-enemy to save herself some trouble despite plaintiff's report that Parson physically attacked him. The court cannot resolve these disputed facts – and the credibility of plaintiff and Banks that the dispute hinges on – at this stage of the proceedings, and accordingly, may not grant Banks summary judgment on plaintiff's Eighth Amendment claim.

8

## 2. **Retaliation**

To establish liability for retaliation in violation of the First Amendment, a prisoner must show five elements: (1) that a state actor took some adverse action against him (2) because of (3) his protected conduct, (4) that such action chilled his exercise of his First Amendment rights, and (5) that the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005). The plaintiff need not demonstrate that his speech was actually inhibited or suppressed, but merely that the defendant's conduct was such as would chill or silence a person of ordinary firmness from future First Amendment activities. *Id*. at 568-69. Conduct protected by the First Amendment includes communications that are "part of the grievance process." *Brodheim v. Cry*, 584 F.3d 1262, 1271 n.4 (9th Cir. 2009).

Defendant Hang argues that the undisputed evidence shows that he did not proximately cause Parson to attack plaintiff on March 29th, and "[t]here is thus no evidence that Hang took any adverse action against Sekona on March 29, 2016." ECF No. 62-2 at 12. To prevail in a § 1983 action, a plaintiff must establish that the defendant's conduct (or failure to act) was the causation-in-fact and proximate cause of his claimed injury. *Harper v. City of L.A.*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Hang conflates two distinct concepts – causation and the "adverse action" element of a retaliation claim. While both elements must be shown for plaintiff to succeed on his claim, they are distinct, and Hang's argument on either ground is unpersuasive. First, the court must reject Hang's causation argument for the reasons stated supra, note 3. Second, plaintiff has consistently averred that Hang deliberately refused to respond to Parson's attack on plaintiff on March 25th because plaintiff had recently filed a grievance against Hang. ECF No. 18 at 7 (plaintiff's verified complaint); Pl.'s Dep. at 48:17-49:10. This testimony suffices to raise a triable issue that Hang took an adverse action – choosing not to respond to the attack – in retaliation for plaintiff's recent grievance against him. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.").

/////

/////

9

### 3. Due Process

Defendants Hang and Hernandez argue that plaintiff's due process claim against them must be dismissed because success on the claim would affect the duration of plaintiff's sentence. ECF No. 62-2 at 13. The court notes that plaintiff has not asserted a due process claim against Hang and does not dispute that Hang was not involved in the rules violation hearing that followed the March 29, 2016 incident with Parson. It appears that there may be confusion from plaintiff's complaint, which includes allegations about Hang's conduct in an earlier disciplinary hearing. ECF No. 18 at 7. A close reading of the complaint along with plaintiff's deposition testimony makes clear that this earlier hearing is only relevant to plaintiff's retaliation claim against Hang and is not the subject of any due process claim in this action.

As to the claim against Hernandez, the court agrees that it must be dismissed. Where an inmate's § 1983 claim challenges a disciplinary hearing that resulted in a loss of time credits, the inmate must obtain reversal of that disciplinary conviction in a habeas or other action before he may pursue the due process claim under § 1983. *Muhammad v. Close*, 540 U.S. 749, 751 (2004); *Edwards v. Balisok*, 520 U.S. 541, 648 (1997). Hernandez has presented evidence, which plaintiff does not refute, that plaintiff was assessed a loss of 181 days good-time credit as a result of his conviction for battery with a deadly weapon based on the altercation with Parson on March 29, 2016. ECF No. 62-5 at 93-103. Plaintiff has presented no evidence that he has obtained a reversal or expungement of the disciplinary conviction. Accordingly, his due process claim is not yet cognizable in a § 1983 action and must be dismissed without prejudice. The court need not address Hernandez's additional arguments regarding the due process claim.

### 4. Qualified Immunity

Lastly, defendants argue that the court should afford them qualified immunity. To determine whether to do so at the summary judgment stage, the court must consider whether the undisputed facts show that a constitutional violation occurred, and whether the constitutional right at issue was clearly established at the time of the incident. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). If the undisputed facts show no constitutional violation, or if the right was not clearly established, the court should grant the official qualified immunity. *Id.* In determining whether

the right was clearly established, the court must ask (1) whether the law governing the official's conduct was clearly established and (2) whether a reasonable official, in the same position faced by the defendants, would understand that his conduct violated the law. *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

The constitutional right of an inmate to be free from violence at the hands of other inmates has been clearly established since *Farmer v. Brennan*, 511 U.S. 825 (1994). *Castro v. Cnty. of L.A.*, 797 F.3d 654, 663(9th Cir. 2017). Further, the contours of the right were set forth with sufficient clarity in *Farmer* to guide a reasonable officer. *Id.* at 664. The analysis must be made "in light of the specific context of the case, not as a broad general proposition." *S.R. Nehad v. Browder,* 2019 U.S. App. Lexis 20590 *29, 929 F.3d 1125, __ (quoting S.B. v. County of San Diego*, 864 F.3d 1010, 1015 (9th Cir. 2017)). But there need not be a prior case "directly on point," so long as there is precedent "plac[ing] the statutory or constitutional question beyond debate." *S.R. Nehad, supra*. Further, because the issue is raised in the context of a motion for summary judgment, it must be analyzed under Rule 56 standards. *See, e.g., id.*

Defendants argue that they should be afforded immunity because reasonable officials in their position would not understand that their conduct violated the law. But defendants' arguments for qualified immunity are all predicated on their version of facts which are both material and genuinely disputed for the reasons addressed above. "[W]hen there are disputed factual issues that are necessary to a qualified immunity decision, these issues must first be determined by the jury before the court can rule on qualified immunity." *S.R. Nehad, id.,* at *28 (*quoting Morales v. Fry*, 873 F.3d 817, 824 (9th Cir. 2017)).

Accordingly, there are no valid grounds for granting defendants qualified immunity at this time.

**IV.     Order and Recommendation**

In accordance with the above, it is hereby ORDERED that:

1. Plaintiff's May 14, 2019 motion to compel (ECF No. 67) is DENIED;
2. Plaintiff's May 13, 2019 motion for extension of time to file his opposition brief (ECF No. 65) is GRANTED and the opposition is accepted as timely filed.

Further, it is RECOMMENDED that defendants' April 25, 2019 motion for summary judgment (ECF No. 62) be granted in part and denied in part as follows:

1. Plaintiff's due process claim against defendant Hernandez be dismissed without prejudice; and
2. The motion for summary judgment be otherwise denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE