1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ETUATE SEKONA,                          No. 2:17-cv-0346-KJM-EFB P

12              Plaintiff,

13       v.                                  ORDER DIRECTING FILING OF PRETRIAL
                                             STATEMENTS
14   JOE LIZARRAGA, et al.,

15              Defendants.

16

17          Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  This action is ready to proceed to trial.  Accordingly, the parties shall file pretrial

19   statements in accordance with Local Rule 281 and this order.  Plaintiff is hereby advised that

20   failure to comply with the procedures set forth below may result in the preclusion of any and all

21   witnesses named in his pretrial statement.

22          At trial, plaintiff must be prepared to introduce evidence to prove each of the alleged facts

23   in support of his claims.  Trial evidence generally takes the form of: (a) exhibits; and (b) witness

24   testimony.  It is plaintiff's responsibility to produce all of the evidence to prove his case, whether

25   that evidence is in the form of exhibits or witness testimony. If plaintiff wants to call witnesses to

26   testify, he must follow certain procedures to ensure that the witnesses will be at the trial and

27   available to testify.

28   /////

The following procedures apply for calling witnesses:

I.  <u>Obtaining Attendance of an Incarcerated Witness Who Intends to Testify Voluntarily</u>

A witness who is willing to testify without the compulsion of a subpoena, but who is imprisoned or incarcerated, cannot appear to testify without a court order directing the custodian to produce him at the time of trial. The court will issue such an order only upon a showing that the witness has agreed to testify voluntarily and has actual knowledge of relevant facts.

Therefore, a party intending to introduce testimony from such a witness must file *with his pretrial statement* a motion for an order directing the witness's custodian to produce the witness for trial. The motion must:

1.  Identify the witness by name, California Department of Corrections and Rehabilitation number, and address;

2.  Include affidavits showing that the witness intends to testify voluntarily. This intention can be shown as follows:

    a.  The *party* can swear by affidavit that the witness has communicated to him an intention to testify voluntarily. The affidavit must include a statement of when and where the prospective witness informed the party of this willingness; or

    b.  The *witness* can swear by affidavit that he is willing to testify without the compulsion of subpoena.

3.  Include affidavits showing each witness has actual knowledge of relevant facts. The witness's knowledge can be shown as follows:

    a.  The *party* can swear that he knows the witness saw or heard relevant facts. For example, if something occurred in plaintiff's cell and plaintiff saw that a cell-mate was present and observed the incident, then plaintiff may swear to the cell-mate's ability to testify; or,

b.  The *witness* can swear to the relevant facts he observed.

Any such affidavit must describe the incident, state when it occurred, where it occurred, who was present, and how the witness was in a position to see or to hear what occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the court will issue the order necessary to cause the witness' custodian to bring the witness to court.

II.     Obtaining Attendance of an Incarcerated Witness Who Refuses to Testify Voluntarily

If a party seeks to present testimony of an imprisoned or incarcerated witness who does not intend to testify voluntarily, the party must *with his pretrial statement* file a motion for an order directing that witness to appear. Such a motion must comply with the requirements explained above but the movant must demonstrate that any such witness does not intend to testify voluntarily.

III.    Obtaining Attendance of an Unincarcerated Witness Who Agrees to Testify Voluntarily

A party need not obtain an order to produce an unincarcerated witness who intends to testify voluntarily. However, the party is responsible for ensuring attendance of such a witness.

IV.     Obtaining Attendance of Unincarcerated Witnesses Who Refuse to Testify Voluntarily

To obtain the presence of a witness who is at liberty and who refuses to testify voluntarily, the party who intends to present that witness's testimony, and who proceeds in forma pauperis, must complete and submit to the United States Marshal a subpoena for service upon the witness. Blank subpoena forms may be obtained from the Clerk of the Court. Along with a completed subpoena, the party must also submit a copy of the court's order granting that party in forma pauperis status. Additionally, the party must tender a money order payable to the witness in the amount of the daily witness fee, $40.00, *plus the witness's travel expenses*. The party must also notify the court that these materials have been submitted to the United States Marshal *not earlier than four weeks and not later than two weeks before trial*. A subpoena will not be served by the United States Marshal upon an unincarcerated witness unless the subpoena is accompanied by the materials listed above. No statute authorizes the use of public funds for expenses in civil cases and so even a plaintiff proceeding in forma pauperis must tender any witness fees and travel expenses.

/////

/////

3

In accordance with the above, IT IS HEREBY ORDERED that:

1. Within thirty days of the date of this order, plaintiff shall file and serve a pretrial statement and any affidavits necessary to obtain the attendance of witnesses at trial. Plaintiff is cautioned that failure to file a pretrial statement in accordance with this order may result in the imposition of sanctions, including dismissal of this action.

2. Defendants shall file a pretrial statement not later than thirty days after the filing of plaintiff's statement.

3. The date for a trial confirmation hearing and a jury trial before the assigned district judge will be set in the pretrial order.

DATED: October 21, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE