UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ETUATE SEKONA,

    Plaintiff,

v.

JOE LIZARRAGA, et al.,

    Defendants.

No. 2:17-cv-0346-KJM-EFB P

ORDER

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a motion to appoint counsel and a motion for a Tongan interpreter. ECF No. 81. For the reasons stated hereafter, plaintiff's motion to appoint counsel and his motion for an interpreter are denied.

Plaintiff requests that the court appoint counsel to represent him in this case. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.

1

*Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Notably, plaintiff has proven capable of litigating his claims to this point without appointed counsel. And the court has previously denied similar requests for counsel from plaintiff. *See* ECF No. 59 at 1-2; 21 at 1-2. Circumstances in this case have not sufficiently changed to warrant reconsideration of that denial.

Plaintiff also requests that the court appoint a Tongan interpreter to assist him. He has previously informed the court that Tongan is his primary language and that his English is limited. ECF No. 44. Additionally, plaintiff has claimed that he was assaulted in November 17, 2018 and still has "blood . . . in his brain" which is causing him confusion and dizziness. *Id.* The court is not unsympathetic to the difficulty plaintiff faces in litigating this case. Nevertheless, this motion is denied for two reasons. First, plaintiff has thus far demonstrated an ability to submit intelligible filings without the assistance of an interpreter. Second, the court is not aware of any authority which would authorize expenditure of public funds for the appointment of an interpreter in this civil action. *See*, *e.g. Loyola v. Potter,* 2009 U.S. Dist. LEXIS 36179, 2009 WL 1033398, at *2 (N.D. Cal. Apr. 16, 2009) ("The court is not authorized to appoint interpreters for litigants in civil cases, and, moreover, has no funds to pay for such a program."). Thus, this motion must be denied.

Based on the foregoing, it is ORDERED that plaintiff's motions for appointment of counsel and for appointment of a Tongan interpreter (ECF Nos. 81) are DENIED.

DATED: November 19, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE